IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY ALEXANDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| | § | CIVIL ACTION NO.  6:23-CV-45 |
| VS. | § § § § | COLLECTIVE ACTION 29 U.S.C. §216(b) JURY DEMANDED |
| CAMPBELL'S TOWING AND RECOVERY, INC. AND MONTY D. WARD | § § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendants, Campbell's Towing and Recovery, Inc. (hereinafter "Campbell's Towing") and Monty D. Ward ("Ward") as a result of Defendant's failure to pay Plaintiff and all those similarly situated workers overtime wages. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action.  For himself and all those similarly situated, the named employee seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.  Plaintiff, Jeffrey Alexander, is a resident of Tyler, Smith County, Texas. The Plaintiff brings this action individually in his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.  Campbell's Towing and Recovery, Inc. is a Texas corporation doing business in the Eastern District of Texas with its principal place of business at 3053 Spur 124, Tyler, Smith County, Texas 75707.  Monty D. Ward is a manger of Campbell's Towing and Recovery, Inc. Defendant Campbell's Towing and Recovery, Inc. may be served by delivering a copy of this petition to its registered agent for service, Mike D. Campbell, 3053 Spur 124, Tyler, Smith County, Texas 75707.  Defendant Ward may be served by delivering a copy of this petition to him at 3053 Spur 124, Tyler, Smith County, Texas 75707.

## JURISDICTION AND VENUE

4.  This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendants' Jacksonville, Texas location is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case.  *See* 29 U.S.C. 201, et seq.

## FACTS

5.  In August 2020, Plaintiff began his employment at Campbell's Towing as a tow truck operator; however, the work he did for Campbell's Towing was not exempt as defined under 29 CFR part 451.  Plaintiff alleges that he was paid a percentage of the revenue generated by his tow truck.  The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

6. Plaintiff believes and, therefore, allege that the failure of Defendants to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

### *First Claim for Relief – FLSA*

7. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## MANAGERIAL LIABILITY OF ROBERTSON

8. Defendant Monty D. Ward is a manager of Campbell's Towing with "substantial control over the terms and conditions of the work" of Plaintiff. As such, Ward is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d). Plaintiff alleges that Ward willfully ignored the plan language of the FLSA regarding the payment of overtime wages for each workweek and was consciously indifferent to the rights of Plaintiff and all those similarly situated with regard to the payment for all hours worked and overtime wages.

## COLLECTIVE ACTION

9. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Jeffrey Alexander brings this action in his individual capacity and as a collective action. As alleged in detail elsewhere herein, Plaintiff Alexander seeks this court's appointment and/or designation as representative of a class of

similarly situated employees of Campbell's Towing who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous tow truck drivers who were not paid for all overtime hours worked for Campbell's Towing as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Campbell's Towing tow truck drivers.

10. Alexander specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

11. As a result of Defendants' conduct, Plaintiff has suffered damages and losses in the past and, in reasonable probability, is expected to suffer further damages and losses in the future.

## JURY DEMAND

12. Plaintiff, individually and as a representative of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from Defendant the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS