IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY ALEXANDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § § | |
| V. | § § § § | CIVIL ACTION NO. 6:23-cv-45-JDK  JURY TRIAL DEMANDED |
| CAMPBELL'S TOWING AND RECOVERY, INC., AND MONTY D. WARD, INDIVIDUALLY | § § | COLLECTIVE ACTION |
| DEFENDANT. | | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Campbell's Towing and Recovery, Inc. and Monty Ward file this Motion for Summary Judgment and would show the Court as follows:

### I.  INTRODUCTION.

Plaintiff worked as a tow truck driver for Campbell's Towing and Recovery Inc. ("Campbell's Towing") where Monty Ward was the manager. Campbell's Towing provided motor vehicle transportation for compensation through its truck drivers towing vehicles, both within Texas and across state lines.

Plaintiff has sued Defendants claiming they failed to pay overtime wages in violation of the Fair Labor Standards Act ("FSLA"). Campbell's Towing paid Plaintiff on a pure commission basis because it believed Plaintiff was exempt from the FLSA's overtime requirements under the Motor Carrier Act exemption.

All evidence in the case establishes that the Motor Carrier Act exemption to the FLSA's overtime requirements applies to Plaintiff's employment with Cambell's Towing. Therefore, Plaintiff is not due any unpaid overtime under the FLSA. Defendants seek summary judgment on all Plaintiff's claims.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether the Motor Carrier Act exemption to the FLSA's overtime payment requirements applies to Plaintiff's employment with Campbell's Towning.

## III.   SUMMARY JUDGMENT EVIDENCE

| Exhibit | Description |
| --- | --- |
| 1 | Monty Ward Affidavit |
| 2 | Notice of Job Requirement Signed by Plaintiff |
| 3 | Campbell's Towing Policy & Requirements for Towing Personal Signed by Plaintiff |
| 4 | Registration Renewal Receipt for Tow Truck |
| 5 | DOT Website Carrier Details for Campbell's Towing |

## IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS.

At all times during Plaintiff's employment with Campbell's Towing, Campbell's Towing was registered with the United States Department of Transportation (DOT) and issued the DOT Identification Number 1550905. **Exhibit 1**, Monty Ward Affidavit, ¶¶ 3-4; **Exhibit 5**, DOT Website Carrier Details for Campbell's Towing.

At all points in time during Plaintiff's employment with Campbell's Towing, Campbell's Towing was classified as a "commercial motor carrier whose primary business activity is the transportation of property/passengers by motor vehicle for compensation" and identified as a carrier engaged in interstate commerce with the DOT. **Ex. 1,** ¶¶ 3-4; **Ex. 5**.

At all points in time during Plaintiff's employment with Campbell's Towing, Campbell's Towing provided motor vehicle transportation for compensation by offering towing services for compensation. **Ex. 1, ¶¶** 2, 10.

Plaintiff worked with Campbell's Towing as a tow truck operator/driver and was authorized to provide towing services across state lines. **Ex. 1, ¶** 5.

Plaintiff acknowledged and understood he would cross state lines when needed as part of his job duties with Campbell's Towing. **Ex. 1, ¶¶** 5, 8-12; **Exhibit 2**, Notice of Job Requirement Signed by Plaintiff; **Exhibit 3**, Campbell's Towing Policy & Requirements for Towing Personal Signed by Plaintiff, § 4.

Plaintiff's duties affected the safety of operations of motor vehicles in transportation on public highways. *See* **Ex. 1**; **Ex. 2**: **Ex. 3**. Campbell's Towing and Plaintiff provided towing services across state lines. **Ex. 1**, **¶¶** 5-11.

During the regular course of Plaintiff's employment, he could reasonably have been expected to make an interstate journey if a customer requested and paid for such a service. **Ex. 1, ¶** 8.

Plaintiff operated a tow truck that weighed at least 26,000 pounds during his employment. **Ex. 1, ¶** 13; **Exhibit 5**. Registration Renewal Receipt for Tow Truck

## V. ARGUMENT

### A. Summary Judgment Standard.

Summary judgment should be granted if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *SynQor, Inc. v. Vicor Corp.*, 2022 WL 6217132, *2 (E.D. Tex. Sept. 26, 2022) (adopted 14-cv-287, Dkt. No. 636,

October 6, 2022). A party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant bears the burden of proof on an issue, he must establish beyond dispute all of the essential elements of the claim or defense to warrant judgment in his favor. *Jordan v. Helix Energy Sols. Group, Inc.*, 346 F. Supp. 3d 890, 896 (S.D. Tex. 2018).

When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial. *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L, 2017 WL 5479611, at *2 (N.D. Tex. Nov. 15, 2017). After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut with facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 325. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

**B.     Motor Carrier Act Exemption.**

While the FLSA mandates that certain workers receive overtime pay, the Motor Carrier Act (MCA) provides an exemption to such mandates for those employees whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49. *Cunningham v. Circle 8 Crane Services*, L.L.C., 64 F.4th 597, at *600 (5th Cir. 2023); *Rychorcewicz v. Welltec, Inc.*, No. CV H-16-2, 2018 WL 3559131, at *9 (S.D. Tex. June 22, 2018), report and recommendation adopted, No. CV H-16-0002, 2018 WL 3559102 (S.D. Tex. July 24, 2018), aff'd, 768 Fed. Appx. 252 (5th Cir. 2019).

The MCA applies when an employee (1) is employed by a motor carrier, as defined by 49 U.S.C. § 13102, (2) engages in activities directly affecting the safety of operation of motor vehicles

in the transportation on public highways of passengers or property (3) in interstate commerce, within the meaning of the MCA. *Cunningham*, 64 F.4th at *601. This exemption must not be narrowly construed. *Amaya v. NOYPI Movers, L.L.C.*, 741 Fed. Appx. 203, 204-205 (5th Cir. 2018); *Rychorcewicz*, 2018 WL 3559131, at *9.

Defendants seek summary judgment because each element of the MCA exemption is established, and the evidence taken as a whole could not lead a rational trier of fact to find for Plaintiff.

### C. Campbell's Towing is a motor carrier under the MCA exemption.

First, for the MCA exemption to apply, the employer must be subject to the DOT's jurisdiction and be a motor carrier, a person/entity providing motor vehicle transportation for compensation. *Id*. at *10; *Martinez v. Envtl. Oil Recovery, Inc.*, No. 620CV00513JCBKNM, 2021 WL 7084165, at *6 (E.D. Tex. Dec. 14, 2021), report and recommendation adopted, No. 6:20-CV-00513, 2022 WL 98003 (E.D. Tex. Jan. 10, 2022); 49 U.S.C.A. § 13102 (14). A motor carrier that engages in interstate commerce falls under the jurisdiction of the Secretary of the DOT. *Martinez*, 2021 WL 7084165, at *6. An employer registered with the DOT is subject to its jurisdiction. *See id*.; *Rychorcewicz*, 2018 WL 3559131, at *10-11. Additionally, Texas courts have found companies offering towing services for compensation are motor carries. *See e.g. Galera v. Relief Net Rd. Services, Inc.*, No. 3:13-CV-4723-L, 2015 WL 1931364, at *6 (N.D. Tex. Apr. 28, 2015).

Here, Campbell's Towing was registered with the DOT as a commercial motor carrier engaged in interstate commerce "whose primary business activity is the transportation of property/passengers by motor vehicle for compensation" and did provide towing services across state lines for compensation with trucks weighing about 26,000 pounds. **Ex. 1**, ¶¶ 3-4, 13; **Ex. 4**; **Ex. 5**.

Therefore, Campbell's Towing is a motor carrier subject to the DOT's jurisdiction.

### D. Plaintiff was engaged in activities affecting the safety of motor vehicles.

Second, the MCA exemption applies to employees who engage, either wholly or in part, in work as drivers, driver's helpers, loaders, or mechanics as these employees affect the safety of operation of motor vehicles. 29 C.F.R. § 782.2(b)(2)(i); *Amaya v. NOYPI Movers, L.L.C.*, 741 Fed. Appx. 203, 205 (5th Cir. 2018). A "driver" as defined for purposes of the MCA is "an individual who drives a motor vehicle in transportation ... in interstate or foreign commerce." 29 C.F.R. § 782.3(a). Texas courts have found that truck/vehicle drivers are employed in positions that affect highway/motor vehicle safety as a matter of law. *Vallejo v. Garda CL Sw., Inc.*, 56 F. Supp. 3d 862, 870 (S.D. Tex. 2014); *Galera v. Relief Net Rd. Services, Inc.*, No. 3:13-CV-4723-L, 2015 WL 1931364 (N.D. Tex. Apr. 28, 2015) (tow truck driver found to be a position that affected the operational safety of motor vehicles)

Here, it is undisputed that Plaintiff was a tow truck driver for Campbell's Towing. **Ex. 1, ¶ 5.** Thus, he was engaged in activities affecting the safety of motor vehicles.

### E. Plaintiff's activities involved interstate commerce.

Third, the MCA exemption applies when the employee's activities involve interstate commerce. *Vallejo v. Garda CL Sw., Inc.*, 56 F. Supp. 3d 862 (S.D. Tex. 2014). A carrier can engage in interstate commerce by transporting goods across state lines. *Id.*; *see also* 29 C.F.R. § 782.7(b)(1).

Each employee is not required to actually have driven a commercial motor vehicle across state lines, have all their time or activities devoted to interstate commerce work, or frequently travel across state lines. *Allen v. Coil Tubing Services, L.L.C.*, 846 F. Supp. 2d 678, 701-702 (S.D. Tex. 2012), aff'd, 755 F.3d 279 (5th Cir. 2014); *Amaya v. NOYPI Movers, L.L.C.*, 741 Fed. Appx.

203,205-206 (5th Cir. 2018); 29 C.F.R. § 782.2; 29 C.F.R. § 782.3. The pertinent inquiry is whether the employer establishes that the employee can be "reasonably expected" to engage in or to be asked to engage in safety-affecting duties in connection with interstate transport of property "in the ordinary course of his work," at least "from time to time." *Allen v. Coil Tubing Services, L.L.C.*, 846 F. Supp. 2d 678, 702 (S.D. Tex. 2012), aff'd, 755 F.3d 279 (5th Cir. 2014); *Amaya v. NOYPI Movers, L.L.C.*, 741 Fed. Appx. 203, 206 (5th Cir. 2018); 29 C.F.R. § 782.2(b)(3).

If an employee is subject to being called on to drive interstate if needed, they fall under the MCA exception because there is a reasonable expectation of interstate transport. *See Gonzalez v. Smith Intern., Inc.*, 899 F. Supp. 2d 622, 363 (S.D. Tex. 2010). In *Gonzalez*, an MCA covered employer who buys and rents out equipment had two operator-employees. *Id*. at 628, 629. If the employer needed to buy or repair equipment out of state, it was the operator-employees' responsibility to transport the equipment across state lines, and they acknowledged such. *Id*. 634-635. The court found the MCA applied even when one operator made no interstate trips and the other only made three. *Id*. 636. The court reasoned that if interstate trips were needed, the operator-employees would be subject to being called upon as part of their acknowledge duties. *Id*.

Like in *Gonzalez*, if Campbell's Towing needed a driver for interstate trips, Plaintiff was subject to being called upon. Plaintiff was the only driver employed by Campbell's Towing, and he acknowledged his job duties/responsibilities required him to maintain a commercia driver's license and comply with DOT requirements for interstate travel. **Ex. 1, ¶¶** 5, 8-12; **Ex. 2**; **Ex. 3**. Additionally, Plaintiff signed a company policy that he must not pass on customer calls assigned to him without approval, and he was assigned and did complete around 10 calls a year that required interstate towing service. **Ex. 1**, ¶¶ 9-10; **Ex. 3**. Further, Campbell's Towing regularly received

interstate towing service requests and encouraged Plaintiff to accept interstate towing jobs See **Ex. 1**, ¶¶ 6-11.

Given Plaintiff was the go-to driver subject to being called upon for interstate towing services, required to remain authorized to provide interstate towing services, and actually provided interstate towing services, he had a reasonable expectation to engage in or be asked to engage in safety-affecting duties in connection with interstate transport of property. Therefore, Plaintiff's activities involve interstate commerce.

### VI. CONCLUSION AND PRAYER

The evidence above shows that a rational trier of fact could not find that the MCA does not apply because Campbell's Towing is a motor carrier and Plaintiff engaged in activities directly affecting the safety of operations of motor vehicles in the transportation of public highways of passengers or property in interstate commerce within the meaning of the MCA. Thus, the FLSA's overtime payments requirements do not apply to Plaintiff's employment with Campbell's Towing.

Defendants, therefore, respectfully request that the Court grant their Motion for Summary Judgment, that Plaintiff take nothing, and that Defendants be awarded such other and further relief to which they are justly entitled.

Respectfully submitted,

/s/ *Eric Kolder*
ERIC KOLDER
Lead Attorney
State Bar Card No. 24083323
ekolder@rameyflock.com
John Fuller
State Bar No. 24132049
jfuller@rameyflock.com
**RAMEY & FLOCK, P.C.**

                            100 E. Ferguson, Suite 500
                            Tyler, Texas 75702
                            (903) 597-3301
                            (903) 597-2413 (FAX)

                            ATTORNEYS FOR DEFENDANTS

<u>OF COUNSEL</u>:

**RAMEY & FLOCK**

A Professional Corporation

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who has consented to electronic service on this November 20, 2023. Local Rule CV-5.


                            */s/ Eric Kolder*
                            Eric Kolder